UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,          )
                                 )
           Plaintiff,            )
                                 )    CAUSE NO. 3:16-CV-722 WL
     v.                          )
                                 )
DR. SHIHADEH, *et al.*,          )
                                 )
           Defendants.           )

OPINION AND ORDER

Christopher L. Scruggs, a *pro se* prisoner, filed his third complaint. This complaint, like the previous two, (ECF 2, 9), contains unrelated claims. This is not news to Mr. Scruggs. The court told (ECF 8, 10) him about this problem twice before and informed him that he needed to file a complaint asserting only related claims. However, he has refused to heed that advice. Scruggs' third complaint is simply a duplicate of his second. The only noticeable difference is that Scruggs crossed-out some of the named defendants, bringing the number of defendants down from 22 to 12.

Scruggs again brings suit against Dr. Shihadeh for not treating his urinary problem since December 2015; Scruggs alleges it is very difficult and painful to urinate. He also sues C.O. Miller and C.O. SinClair for pepper spraying him and turning off the water in his cell on May 8, 2016. He also sues C.O. Wilson for ignoring his request for medical assistance later in the day on May 8, 2016. He also sues 2 correctional officers and 2 captains for denying him anything to drink for six days in May of 2016. He also alleges from May 8 through May 13, 2016, Nurse West and Nurse Lester ignored his various pleas for medical attention. Finally, he sues three

1

correctional officers for leaving a loud exhaust fan running that created a harmful effect in his cell. Scruggs argues that all of his claims against 12 different defendants are related, because the entire sequence of events was triggered by Dr. Shihadeh's failure to treat him. Despite his argument, they are not all related. Many of these claims are not dependant upon, or related to, the other as they involve different defendants, different incidents that took place on separate dates, and involve different sets of operative facts. Thus, all of these claims do not belong in the same lawsuit. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

When a pro se prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009). In this case, the court has done this twice, but Scruggs will not limit his claims. Despite his refusal to comply with the orders of this court, it would nevertheless be unjust to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) because other options are more appropriate.

The court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Normally this option is fraught with complications. Prisoners, even indigent ones, must pay the filing fee

2

eventually because pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee . . .." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). Multiple cases mean multiple filing fees and the possibility of multiple strikes. *George*, 507 F.3d at 607. Normally, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. Thus, the could will not split the unrelated claims into separate cases. Mr. Scruggs can decide whether or not to re-file his unrelated claims in a new lawsuit.

The court could also properly limit this case by picking a claim (or related claims) for him because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler* at 683. This option is fraught with complications, too. Which defendants are excess? Which claim should remain? The one first discussed in the body of the complaint? The one most extensively discussed? The one joining the most defendants? The one joining the most claims? Should the court pick one that states a claim even if it is not among those options? Despite these concerns, this seems to be the best available solution in this case. After weighing these issues, the court will select Mr. Scruggs' failure to treat claim against Dr. Shihadeh to remain in this case and will dismiss the remaining defendants. Notably, Dr. Shihadeh's alleged failure to treat Scruggs' medical condition since December 2015 is unrelated to the other various claims of official misconduct that allegedly took place in his cell from May 8 through May 13, 2016.

Now that the claim has been selected, the court must screen it under 28 U.S.C. § 1915A. The Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a

3

defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). In determining whether the complaint states a claim, the Court applies the same standard as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. The Court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the

plaintiff was at serious risk of being harmed and decided not to do anything to
prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Negligence, incompetence, or even medical malpractice do not constitute deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000).

Here, Scruggs, an inmate housed in the Westville Control Unit, claims that Dr. Shihadeh has denied him medical care for his urinary problems since December 2015. Though these allegations are not heavy on detail, he alleges that he is suffering from extreme pain and it is very difficult for him to urinate. The condition impairs Scruggs's mobility to the point that he is sometimes unable to walk. Nevertheless, Dr. Shihadeh refused to treat Scruggs for this condition since December 2015. The Eighth Amendment does not entitle an inmate to demand a specific form of treatment; however, prison medical staff cannot simply ignore an inmate's health problems. *Greeno*, 414 F.3d at 654-55. Giving Scruggs the inferences to which he is entitled at this stage, he has alleged an Eighth Amendment claim against Dr. Shihadeh.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Dr. Shihadeh in his individual capacity for compensatory and punitive damages for denying him adequate medical care in violation of the Eighth Amendment by failing to treat his urinary problems since December 2015;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Sgt. Miller, Sgt. SinClair, C.O. Wilson, C.O. Jones, Capt. Earhart, Capt. Smiley, Nurse West, Nurse Lester, Assistant Superintendent Payne, Executive Assistant T. Cambe and I.A. Whelan;

(4) **DIRECTS** the clerk and the U.S. Marshals Service to effect service of process on Dr. Shihadeh with a copy of this order and the amended complaint (ECF 12) pursuant to 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Shihadeh respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: April 26, 2017

                                                            s/William C. Lee  
                                                           William C. Lee, Judge  
                                                           United States District Court